UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IMANI MCDONALD,

                             Plaintiff,

         -v-

THE CITY OF NEW YORK, New York City Police Department Officer ("P.O.") STEVEN OWENS (Shield No. 31335), and P.O. JOHN DOES 1-3, in their individual capacities,

                            Defendants.
------------------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No. 17-CV-715

Plaintiff Imani McDonald, through her attorney Gillian Cassell-Stiga of Rankin & Taylor, PLLC, as and for her complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiff Imani McDonald's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched her. By reason of defendants' actions, including their unreasonable and unlawful searches and seizures, plaintiff was deprived of her constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations

of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiff Imani McDonald is and was at all times relevant to this action, a resident of Kings County in the State of New York.

8. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. New York City Police Department Officer ("P.O.") Steven Owens (Shield No. 31335) ("Owens") and P.O. John and Jane Does 1-3 (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued in their individual capacities.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of

2

the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

14. The true name and shield number of defendants P.O. John and Jane Does are not currently known to the plaintiff.[1] However, they were employees or agents of the NYPD on the date of the incident. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

15. On March 23, 2016, at approximately 11:05 p.m., Imani McDonald was unlawfully arrested by P.O. Owens and P.O. Doe at inside 495 Elton Street in Kings County in the State of New York.

16. Shortly before her arrest, Ms. McDonald was in the bedroom of a resident of the second floor.

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

3

17. The individual defendants entered the building.

18. The individual defendants entered the apartment and arrested the individuals present.

19. No contraband was found on Ms. McDonald's person.

20. The individual defendants handcuffed Ms. McDonald and took her to the precinct.

21. Ms. McDonald was charged with two counts of Criminal Possession of a Firearm, P.L. § 265.01-B (1), Criminal Possession of a Weapon in the Fourth Degree, P.L. § 265.01(1), Possession of Pistol Ammunition, and the Unlawful Possession of Marijuana, P.L. § 221.05.

22. At no time was Ms. McDonald in possession of a weapon nor was she aware a firearm was present in the apartment.

23. The charges were based on the materially false statements submitted by the individual defendants.

24. Ms. McDonald was held in custody for approximately 36 hours.

25. All charges against Ms. McDonald were dismissed and sealed on or about April 6, 2016.

26. As a result of her handcuffing and arrest, Ms. McDonald experienced pain, suffering, mental anguish, and humiliation.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
*(Against the individual defendants)*

27. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

28. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of her rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable

seizure of her person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) right to fair trial and due process under the law; (e) freedom from the fabrication of evidence or the lodging of false charges against him by police officers; (f) freedom from malicious prosecution; and (g) failure to intervene to prevent the complained of conduct.

29. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS – 42 U.S.C. § 1983
*(Against defendant the City of New York)*

30. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. At all times material to this complaint, defendant the City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

32. At all times material to this complaint, defendant the City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

33. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth, Fifth, Sixth, and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

## JURY DEMAND

35. Plaintiff demands a trial by jury in this action on each and every one of her damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

    a.    That she be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

    b.    That she be awarded punitive damages against the individual defendants; and

    c.    That she be compensated for attorneys' fees and the costs and disbursements of this action; and

    d.    For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
           February 8, 2017

Respectfully submitted,

By: _____
Gillian Cassell-Stiga
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507